**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CARYN BEADLE-LEE;

    *Plaintiff,*　　　　　　　　　　　　**CASE NO.:**

v.

MASTEC SERVICES COMPANY, INC.;
MASTEC UTILITY SERVICES, LLC;
MASTEC NETWORK SOLUTIONS, INC.;
and MASTEC, INC.,

    *Defendants.*
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL[1]

1. Plaintiff Caryn Beadle-Lee ("**Plaintiff**") files this Complaint and Demand for Jury Trial against Defendants seeking actual and liquidated damages arising from Defendants failure to pay her overtime in violation of the Fair Labor Standards Act ("**FLSA**").

## PARTIES

2. Plaintiff is a citizen of Broward County, Florida. At all times material, Plaintiff was Defendants' employee within the meaning of 29 U.S.C. § 203(e).

3. Defendant MasTec Services is a Florida corporation with its principal address at 800 S. Douglas Road, Suite 1200, Coral Gables, Florida, 33134. It is a division of MasTec, Inc. that managed Plaintiff's payroll and benefits. At all times material, MasTec Services was Plaintiff's employer within the meaning of within the meaning of 29 U.S.C. § 203(d), was an "enterprise

---

[1] Defendant MasTec Services Company, Inc. ("**MasTec Services**"), Defendant MasTec Utility Services, LLC ("**MasTec Utility**"), Defendant MasTec Network Solutions, Inc. ("**MasTec Network Solutions**") and Defendant MasTec, Inc. ("M**asTec, Inc.**") are collectively referred to as "**Defendants**."

engaged in commerce" within the meaning of 29 U.S.C. § 203, and grossed more than $500,000 per annum.

4. Defendant MasTec Utility is a Florida corporation with its principal address at 800 S. Douglas Road, Suite 1200, Coral Gables, Florida, 33134. It is a division of MasTec, Inc. that provides a nationwide network of infrastructure construction and engineering services (i.e., installation of overhand and underground networks) for communications, power, and gas entities. At all times material, MasTec Utility was Plaintiff's employer within the meaning of within the meaning of 29 U.S.C. § 203(d), was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203, and grossed more than $500,000 per annum.

5. Defendant MasTec Network Solutions is a Florida corporation with its principal address at 800 S. Douglas Road, Suite 1200, Coral Gables, Florida, 33134. It is a division of MasTec, Inc. that develops and supplies telecommunications support (including maintenance and logistics management) for both commercial and governmental entities. At all times material, MasTec Network Solutions was Plaintiff's employer within the meaning of within the meaning of 29 U.S.C. § 203(d), was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203, and grossed more than $500,000 per annum.

6. Defendant MasTec, Inc., is a Florida corporation with its principal address at 800 S. Douglas Road, Suite 1200, Coral Gables, Florida, 33134. MasTec, Inc. is a multinational infrastructure engineering and construction company that builds, installs, maintains, and upgrades energy and communications infrastructure. MasTec, Inc. carries out its business through entities such as MasTec Services, MasTec Utility, and MasTec Network Solutions. To that end, MasTec, Inc. actively participated in the management and supervision of Plaintiff during her employment under the MasTec umbrella and, at all times material, governed the processes used by MasTec

Services, MasTec Utility, and MasTec Network Solutions. At all times material, MasTec, Inc. was Plaintiff's employer within the meaning of within the meaning of 29 U.S.C. § 203(d), was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203, and grossed more than $500,000 per annum.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8. This Court has personal jurisdiction over Defendants because they all continuously conduct business and have a principal place of business in this District.

9. Venue is proper in this Court because Defendants are subject to personal jurisdiction in this District and because the acts giving rise to Plaintiff's claim occurred in this District. 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

10. On June 16, 2021, Plaintiff received an offer of employment from MasTec Utility for a Permit Coordinator position.

11. Pursuant to that letter, Plaintiff was to be paid $23.00 per hour and was told that her position was a "non-exempt position eligible for overtime[.]"

12. Plaintiff accepted the offer.

13. As a Permit Coordinator, Plaintiff filed permit applications, drafted permitting paths for team members, prepared reports of infrastructure projects, met with municipalities to get approval for projects, created training packets, trained staff, prepared bond contracts, retrieved payments for old bonds, tracked invoices for permitting, and ensured adherence to building codes.

14. Her direct supervisor was to be William Jackson, MasTec, Inc.'s Director of Operations.

15. Within two weeks of her hire, Plaintiff was also immediately given an additional role of Billing Specialist through MasTec Network Solutions. In this role, she worked with MasTec, Inc.'s billing team to resolve billing discrepancies.

16. Subsequently, Plaintiff's direct supervisor became area manager Alvorie Small, who worked for MasTec Communications Group, which appears to be a catch-all for numerous entities under the MasTec, Inc. umbrella.

17. In other words, Plaintiff had a unique employment structure in which she worked at the crossroads of multiple MasTec, Inc. entities during her employment, resulting in each Defendant exerting control over her employ.

18. Plaintiff worked both from home and out of Defendants' office located at 842 NW 7th Terrace, Fort Lauderdale, Florida 33311.

19. Her first pay period began July 5, 2021. At all times material, Plaintiff's payroll was processed through MasTec Services, which also purported to track the hours that she worked.

20. Plaintiff excelled. She also worked extraordinarily long hours and on the weekends on tasks that furthered Defendants' business.

21. Specifically, Plaintiff worked more than 40 hours almost every week of her employment—at times more than 70 hours in a single week. Despite this, she was not paid overtime wages for the overwhelming majority of the overtime she worked.

22. Plaintiff resigned on February 23, 2023.

## COUNT I
## VIOLATION OF THE FLSA- OVERTIME

23. Plaintiff repeats and realleges paragraphs 1-22 as if fully set forth herein.

4

24. Plaintiff regularly worked for Defendants in excess of 40 hours a week.

25. During her employment, Plaintiff never qualified as an executive, administrative, or outside sales employee, or any other kind of employee exempt form overtime regulations under 29 U.S.C. § 213.

26. Plaintiff's work for Defendants affected interstate commerce for the relevant time period.

27. Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff's hours worked each workday and the total hours she worked each workweek, as required by 29 U.S.C. § 211(c) and supporting federal regulations.

28. The FLSA requires covered employees such as Defendants to compensate all non-exempt employees such as Plaintiff at a rate not less than one-and-one-half times their regular rate of pay for work performed in excess of forty (40) hours per workweek.

29. Defendants failed to pay Plaintiff overtime wages for hours worked over forty (40) hours a workweek. As such, Plaintiff is entitled to overtime compensation at one-and-one-half times her regular rate of pay for all work performed in excess of forty (40) hours per workweek. Defendants' unlawful conduct was willful and intentional. Defendants were aware, or disregarded the possibility, that their practices with regard to Plaintiff's compensation violated the FLSA.

30. Due to Defendants' intentional, willful, and unlawful acts, Plaintiff was damaged. Specifically, she was deprived of overtime compensation and is entitled to recover such, liquidated damages, and attorneys' fees pursuant to the FLSA, each in an amount to be proven at trial.

**PRAYER FOR RELIEF**

Plaintiff seeks:

a. Damages from Defendants, in an amount to be determined, for unpaid wages as result of Defendants' violations of the FLSA;

b. Liquidated damages from Defendants, in an amount to be determined, for unpaid wages as a result of Defendants' violations of the FLSA;

c. Reasonable attorneys' fees, costs, and expenses incurred by Plaintiff in this litigation pursuant to 29 U.S.C. § 216(b), to be borne by Defendants;

d. Pre-judgment and post-judgment interest; and

e. Such other relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all claims so triable.

Dated: September 21, 2023

Respectfully submitted,

By: */s/ Michael A. Boehringer*
Michael A. Boehringer
Florida Bar No.: 1018486
mboehringer@pollardllc.com

Christopher S. Prater
Florida Bar No.: 105488
cprater@pollardllc.com

**Pollard PLLC**
401 E. Las Olas Blvd., # 1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731
*Attorneys for Plaintiff*